UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,                  Case No. 23-cr-20130
                                          Honorable Terrence G. Berg

vs.

Darren Smith,

        Defendant.

---

### Stipulated Order of Forfeiture

---

    Plaintiff, by and through its undersigned attorneys, together with the defendant Darren Smith (the "defendant"), by and through his attorney, Natasha Webster, submit this Stipulated Order of Forfeiture for immediate entry, and stipulate and agree to the following:

    On February 28, 2023, the United States filed an Information against the defendant for a violation of 18 U.S.C. § 134; specifically Wire Fraud (Count One); and a violation of 18 U.S.C. § 1028A(a)(1), specifically Aggravated Identify Theft (Count Two). (ECF No. 22, Page ID.92-95)

    The Information sought criminal forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), together with Title 28, United States Code, Section 2461(c).  (ECF No. 22, Page ID.95).  The Information provided notice of

the Government's intent to seek a forfeiture money judgment against the defendant in an amount equal to the total amount of proceeds he obtained as a result of Title 18, United States Code, Section 1343. (ECF No. 22, Page ID.96).

On or about April 4, 2023, the defendant pleaded guilty to Counts One and Two of the Information (ECF No. 30, Page ID.110).

In the defendant's Rule 11 Plea Agreement, the defendant agreed to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(c) together with 28 U.S.C. § 2461, without contest, his interest of any and all property, real or personal, which constitutes proceeds obtained or derived, directly or indirectly, from the defendant's violation of 18 U.S.C. § 1343 (Wire Fraud) as charged in Count One of the Information.

In entering into this Stipulation, the defendant agrees to the entry of a personal forfeiture money judgment against him in favor of the United States in the amount of **One Million Six Hundred Eleven Thousand Six Hundred Forty Eight Dollars and 00/100 ($1,611,648.00)**, which is equal to the amount of proceeds the defendant obtained or derived, directly or indirectly, from his violation of 18 U.S.C. § 1343 (Wire Fraud).

In entering into this Stipulation, the defendant agrees that the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of the defendant. To satisfy the money judgment, the

defendant explicitly agrees to the forfeiture of any assets he has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes his rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise.

In entering into this Stipulation, the defendant agrees to complete and return a Financial Disclosure Form within three weeks of receiving it from government counsel, which may be used in any lawful manner to collect the money judgment amount and/or restitution, and which may be disclosed to any agencies or personnel of the government for that purpose. The financial statement shall disclose and list all assets, funds and property of any kind in which the defendant has an interest, all liens and encumbrances against such assets, funds, and property, and all of the defendant's liabilities. The financial statement must be signed by the defendant under penalty of perjury.

In entering into this Stipulation, the defendant agrees that he will cooperate with the government as requested by the government in connection with the government's efforts to identify, locate, seize, and forfeit property that is subject to forfeiture under this agreement. The defendant further agrees that he will cooperate with the United States by taking whatever steps are necessary to deliver possession of, and clear title to, property that is forfeitable to the United States under this agreement and will execute such legal documents as may be required to

transfer title to the United States and by taking whatever steps are necessary to ensure that the property is not sold, disbursed, hidden, wasted, or otherwise made unavailable for forfeiture. If any other person or entity has any interest in such property, the defendant will provide the government with the name and address of the person or entity that has an interest in, and/or possession of, the asset, and assist the government in obtaining a release of interest from any such other person or entity.

By entering into this Stipulation, the defendant waives his right to have a jury determine the forfeitability of his interest in the above identified property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

In entering this Stipulation, the defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

In entering this Stipulation, the defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure and/or forfeiture of property covered by this Plea Agreement.

In entering this Stipulation, the defendant knowingly, voluntarily, and intelligently waives any statutory and constitutional challenge to the above-described forfeiture including any challenge based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

In entering into this Stipulation, the defendant agrees to immediate entry of this Stipulated Order of Forfeiture and agrees that this Order shall become final as to the defendant at entry.

In entering into this Stipulation, the undersigned counsel for defendant expressly agrees that she has discussed the forfeiture money judgment with defendant, and that defendant agrees to the entry thereof.

Based on the contents of the Information, the defendant's guilty plea to Count One of the Information, the Rule 11 Plea Agreement, this Stipulation, and other information in the record, and pursuant to 18 U.S.C. § 981(a)(1)(c) together with 28 U.S.C. § 2461 and Rule 32.2 of the Federal Rules of Criminal Procedure, **IT IS HEREBY ORDERED THAT:**

    1.    The defendant shall **FORFEIT** to the United States, pursuant to 18 U.S.C. § 981(a)(1)(c) together with 28 U.S.C. § 2461 without contest,

his interest of any and all property, real or personal, which constitutes proceeds obtained or derived, directly or indirectly, from the defendant's violation of 18 U.S.C. § 1343 (Wire Fraud) as charged in Count One of the Information.

2. The Court **ENTERS** a personal forfeiture money judgment in the amount of **One Million Six Hundred Eleven Thousand Six Hundred Forty Eight Dollars and 00/100 ($1,611,648.00)**, against the defendant in favor of the United States which is equal to the amount of proceeds the defendant obtained or derived, directly or indirectly, from his violation of 18 U.S.C. § 1343 (Wire Fraud).

3. If defendant does not pay the Money Judgment, the United States may move to satisfy the Money Judgment with any assets that the defendant has now, or may later acquire, may be forfeited as substitute assets under 21 U.S.C. § 853(p)(2).  The United States is permitted to undertake whatever discovery is necessary to identify, locate, or dispose of substitute assets under Federal Rule of Criminal Procedure 32.2(b).

4. This Order of Forfeiture shall become final at sentencing and entry of the forfeiture money judgment shall be made part of the defendant's sentence and included in the Judgment and shall not be the subject of

ancillary proceedings given that the forfeiture consists entirely of a money judgment.

5. The United States may conduct discovery in accordance with the Federal Rules of Civil Procedure in order to collect on and enforce the money judgment.

6. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure Rule 32.2(e) to allow forfeiture of substitute assets to satisfy the Money Judgment.

Approved as to form and substance:

Dawn N. Ison
United States Attorney

| | |
|---|---|
| S/ K. Craig Welkener | S/ Natasha D. Webster (with Consent) |
| K. Craig Welkener (DC 1033585) | Natasha D. Webster (NY 3033396) |
| Assistant United States Attorney | Attorney for Darren Smith |
| 211 W. Fort Street, Ste. 2001 | Federal Defender Office |
| Detroit, MI 48226 | 613 Abbott, 5th Floor |
| (313) 226-0248 | Detroit, MI 48226 |
| Kenton.Welkener@usdoj.gov | (313) 967-5542 |
| | Natasha_webster@fd.org |
| Dated: October 11, 2023 | Dated: October 11, 2023 |

*******************************

**IT IS SO ORDERED.**

Dated: October 17, 2023          /s/Terrence G. Berg  
                                                Honorable Terrence G. Berg  
                                                United States District Court Judge